UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JULIE BUENO, individually and as representative on
behalf of a class of similarly situated persons;
DARLENE HOLLINS, individually and as
representative on behalf of a class of similarly situated
persons; and DAVID BUENO, individually and as
representative on behalf of a class of similarly
situated persons,

                Plaintiffs,

v.                                                                      1:24-CV-0822
                                                                        (GTS/DJS)
GENERAL ELECTRIC COMPANY; THE BOARD
OF DIRECTORS OF GENERAL ELECTRIC
COMPANY; H. LAWRENCE CULP, JR.;
THE GENERAL ELECTRIC COMPANY PENSION
BOARD; THE COMMITTEE; JOHN DOES 1-5; and
FIDUCIARY COUNSELORS, INC.,

                Defendants.

---

APPEARANCES:                                    OF COUNSEL:

SCHLICHTER BOGARD LLC                           ANDREW D. SCHLICHTER, ESQ.
  Counsel for Plaintiffs                        JEROME J. SCHLICHTER, ESQ.
100 South 4th Street, Suite 1200                KURT C. STRUCKHOFF, ESQ.
St. Louis, MO 63102                             PATRICK R. KUTZ, ESQ.
                                                SEAN E. SOYARS, ESQ.

GOODWIN PROCTOR LLP                             ALISON V. DOUGLAS, ESQ.
  Counsel for GE Defendants                     BENJAMIN REILLY, ESQ.
100 Northern Avenue                             JAMES O. FLECKNER, ESQ.
Boston, MA 02210

1900 North Street, N.W.                         ISABEL M. MARIN, ESQ.
Washington, D.C. 20036                          JAIME SANTOS, ESQ.

620 Eighth Avenue                               ALLISON J. SCHOENTHAL, ESQ.
New York, NY 10018

O'MELVENY & MEYERS LLP
  Counsel for Defendant Fiduciary Counselors
1625 Eye Street, N.W.
Washington, D.C. 20006

1301 Avenue of the Americas, Suite 1700
New York, NY 10019

SEYFARTH SHAW LLP
  Counsel for Amicus ERISA Industry Comm.
233 South Wacker Drive, Suite 8000
Chicago, IL 60606-6448

OFFICE OF NORMAN P. STEIN
  Counsel for Amicus Pension Rights Center
4542 NE 94th Street
Seattle, WA 98115-3933

MEAGHAN MCLAINE VERGOW, ESQ.
SHANNON BARRETT, ESQ.


WILLIAM POLLAK, ESW.


ADA W. DOLPH, ESQ.
THOMAS M. HORAN, ESQ.
ROBERT T. SZYBA, ESQ.


NORMAN P. STEIN, ESQ.

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this action filed pursuant to the Employee Retirement Income and Security Act ("ERISA") by Julie Bueno, Darlene Hollins, and David Bueno on behalf of themselves and as representatives of a class of similarly situated persons ("Plaintiffs") against General Electric Company, The Board of Directors of the General Electric Company, H. Lawrence Culp, Jr., the General Electric Company Pension Board, and the Committee (collectively the "GE Defendants"), Fiduciary Counselors, Inc. ("Defendant FCI"), and John Does 1-5, is Plaintiffs' motion to alter or amend the Court's Judgment of September 24, 2025, pursuant to Fed. R. Civ. P. 59(e).  (Dkt. No. 104.)  For the reasons set forth below, Plaintiffs' motion is denied.

## I.     RELEVANT BACKGROUND

2

On September 24, 2025, the Court issued a Decision and Order (and corresponding Judgment) in which it dismissed without prejudice Plaintiffs' Amended Complaint for lack of subject-matter jurisdiction based on Plaintiffs' failure to adequately allege Article III standing. (Dkt. Nos. 102, 103.)   On October 22, 2025, Plaintiffs filed a motion to alter or amend that Judgment.  (Dkt. No. 104.)  Briefing was completed on that motion on November 10, 2025, although the parties submitted notices of supplemental authority thereafter.  (Dkt. No. 108, 109, 110, 111.)

## II.   PARTIES BRIEFING ON PLAINTIFFS' MOTION

### A.   Plaintiffs' Memorandum of Law

Generally, in their motion, Plaintiffs make two arguments.  (Dkt. No. 104, Attach. 1.) First, Plaintiffs argues that the Court should vacate the Judgment on its prior Decision and Order for the following reasons: (a) the Court incorrectly concluded that the Amended Complaint did not seek injunctive relief because the statute under which Plaintiffs' claim arises permits any relief that is "appropriate" to "assure receipt" of entitled benefits, which includes "the posting of security," and the posting of security constitutes injunctive relief; and (b) the Court incorrectly relied on the fact that it found Defendant GE to not be a fiduciary when determining that Plaintiff did not have standing under a constructive trust theory because that finding related to the merits of issues pertinent to the underlying claim (i.e., whether Defendant GE is a fiduciary) rather than assuming that Plaintiffs would succeed on the merits as it should have when assessing standing. (*Id.* at 12-21.)

Second, Plaintiffs argue that the judgment should be vacated to allow them to file the proposed Second Amended Complaint because the proposed amendments cure the deficiencies identified by the Court in its prior Decision and Order.  (*Id.* at 21-27.)

**B.      The GE Defendants' Opposition Memorandum of Law**

Generally, in their opposition to Plaintiffs' motion, the GE Defendants make three arguments.  (Dkt. No. 105.)  First, the GE Defendants argue that Plaintiffs' motion is untimely because, while this Court's Local Rule 60.1 requires that motions for reconsideration be filed within 14 days after the entry of the challenged judgment, Plaintiffs did not file their motion until 28 days after the relevant Decision and Order and its associated Judgment.  (*Id.* at 7.)

Second, the GE Defendants argue that there is no valid basis to reconsider the Court's findings because Plaintiffs merely seek to relitigate issues that have already been decided through arguments they could have raised previously and have ignored and failed to address the Court's proper reliance on various controlling Supreme Court precedent related to its findings. (*Id.* at 7-12.)  Specifically, the GE Defendants argue that (a) Plaintiffs' argument that an order to post security constitutes injunctive relief is fundamentally flawed because there is no statutory injunctive relief exception to the requirement to show an individualized injury-in-fact under Article III as recent applicable Supreme Court precedent (relied upon by the Court) shows, and they have not in any event cited a single legal authority that an order to post security constitutes injunctive relief, and (b) Plaintiffs' argument regarding a constructive trust theory is squarely foreclosed by Supreme Court precedent (as the Court noted), and the Court's analysis pursuant to such theory was merely an alternative ground for denial made "out of an abundance of caution," and therefore any errors in the Court's analysis of that alternative theory would not impact the

validity of its primary finding that a showing of an individualized injury-in-fact is required to establish Article III standing related to any requested relief.  (*Id.*)

Third, the GE Defendants argue that the Court should not vacate its Judgment to permit Plaintiffs to file a third Complaint because (a) they have not shown good cause for vacating the Judgment, which is a prerequisite to being permitted to amend a complaint after a decision, order, or judgment has already been issued, and (b) the proposed amendments, specifically related to Athene's risk of failure, are either not new or could have been asserted in an earlier amendment (as evidenced by the fact they appear in the complaint filed by Plaintiffs' counsel for a separate case in a different district court also involving Athene as an annuity provider), and, in any event, those new allegations do not plausibly suggest an injury-in-fact.  (*Id.* at 13-19.)

    **C.**       **Defendant FCI's Opposition Memorandum of Law**

Generally, in its opposition to Plaintiffs' motion, Defendant FCI makes two arguments. (Dkt. No. 106.)  First, Defendant FCI argues that Plaintiffs lack standing to pursue any form of relief against it because (a) even if a request that Defendants post security constitutes a request for injunctive relief, binding Supreme Court precedent (relied upon by the Court) clearly holds that individualized harm is required even for claims premised on injunctive relief, and the older Second Circuit precedent on which Plaintiffs rely found no need to show an individualized harm where the injunctive relief sought was specifically to remedy an *ongoing* breach of fiduciary duty, which is not the case here, and (b) Plaintiffs' arguments regarding a constructive trust theory as a basis for standing are without merit because there are no allegations regarding the existence of any such constructive trust between Plaintiffs and Defendant FCI.  (*Id.* at 6-9.)

5

Second, Defendant FCI argues that Plaintiffs' request to vacate the Judgment and for leave to file a Second Amended Complaint should be denied as futile because (a) those new allegations do not plausibly allege an injury-in-fact related to Athene's risk of failure given that Plaintiffs provide no new allegations to suggest (much less plausibly suggest) that the separate account wherein the relevant funds for the pension annuity are held is itself at risk of being inadequately funded or improperly invested as opposed to whether Athene's general assets are at risk, and (b) the allegations in the proposed Second Amended Complaint undermine any claim of fiduciary duty against Defendant FCI because they suggest that it was Defendant GE, and not Defendant FCI, that possessed the authority over the choice of Athene as the annuity provider. (*Id.* at 9-14.)

### D.     Plaintiffs' Reply Memorandum of Law

Generally, in reply to Defendants' opposition, Plaintiffs make three arguments.  (Dkt. No. 107.)  First, Plaintiffs argue that Defendant GE is incorrect that their motion is untimely because Fed. R. Civ. Pro. 59(e) (under which they have brought that motion) dictates that such motions must be filed within 28 days of the relevant judgment, which Plaintiffs have done here.  (*Id.* at 1.)

Second, Plaintiffs argue that they have raised two valid bases for reconsideration in the form of clear errors of law related to the Court's findings regarding the request for injunctive relief and whether fiduciary status is a prerequisite for finding the existence of a constructive trust.  (*Id.* at 2-6.)  Specifically, Plaintiffs argue that (a) Defendants are incorrect that Second Circuit precedent holding that an ERISA plaintiff need not show actual harm where they seek injunctive relief has been clearly overruled by more recent Supreme Court decisions and the

6

Court is therefore required to follow that precedent until the Second Circuit rules on the issue, and the Second Circuit case on which they rely is not materially distinguishable because the requested posting of security serves the purpose of addressing the breach of a fiduciary duty, and (b) the Court's finding related to Article III standing pursuant to a constructive trust theory requiring a showing that the party is a fiduciary is at odds with other Supreme Court precedent (addressed in Plaintiffs' motion) that Defendants do not distinguish.  (*Id.*)

Third, Plaintiffs argue that their motion to amend the Amended Complaint should be granted because their proposed amendments sufficiently allege that Athene is at a high risk of imminent failure or regulatory takeover that poses an imminent risk of at least an interruption in promised benefits.  (*Id.* at 6-9.)  Specifically, Plaintiffs argue that (a) there is no basis for a finding of undue delay in seeking to amend because various other courts have found allegations similar to those in the Amended Complaint to be sufficient to establish standing and there was therefore a reasonable basis for them to believe further amendment was unnecessary, (b) the new allegations and the existing allegations must be assessed as a coherent whole when assessing whether Plaintiffs have alleged sufficient facts to show standing, (c) newer allegations regarding developments since the date the original complaint was filed are still relevant to the standing analysis, (d) the Court cannot draw an inference that Athene's risky practices are confined to its general accounts (as opposed to also being present in the relevant separate account) under the applicable pleading standard, and (e) the new allegations regarding Defendant GE's fiduciary status do not preclude claims against Defendant FCI because Plaintiffs have alleged that both Defendants acted jointly in making the decision to select Athene, and new allegations related to

7

Defendant GE's role in the selection do not negate the allegation that Defendant FCI was hired to act as a fiduciary in that selection.  (*Id.*)

> **E.**   **Defendants' Submission of Supplemental Authority and Plaintiffs' Response**

In addition to the briefing on Plaintiffs' motion, the GE Defendants submitted two supplemental authorities: (1) the Southern District of New York's Decision and Order in *Dempsey v. Verizon Commc'ns, Inc.*, 24-cv-10004 (S.D.N.Y. Jan. 8, 2026); and (2) the District Court for the District of Columbia's Opinion and Order on a motion to alter or amend the judgment and post-judgment motion for leave to file a second amended complaint in *Camire v. Alcoa USA Corp.*, 24-cv-1062 (D.D.C. Feb. 24, 2026).  (Dkt. Nos. 108-110.)

In response to this supplemental authority, Plaintiffs argue that the decision from *Camire* is irrelevant because Plaintiffs have identified errors that provide a basis for altering or amending the judgment unlike in that case, and the court there relied on D.C. Circuit law that does not apply to this case.  (Dkt. No. 111.)  Plaintiffs also present a supplemental authority: *Maneman v. Weyerhauser Co.*, 24-CV-2050, (W.D. Wash. Mar. 31, 2026).  (*Id.*)

## III.   GOVERNING LEGAL STANDARDS

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  "A court may grant a motion to alter or amend a judgment under Rule 59(e) where (1) there is an intervening change in the controlling law; (2) new evidence previously not available comes to light; or (3) it becomes necessary to remedy clear error of law or to prevent manifest injustice."  *Kroemer v. Tantillo*, Nos. 17-2326, 18-1006, 2018 WL 6619850, at *3 (2d Cir. Dec. 17, 2018) (citing *Virgin Atl. Airlines, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255

8

[2d Cir. 1992]); *accord, Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 [2d Cir. 1983]); *see Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.,* 970 F.3d 133, 142 (2d Cir. 2020) (noting that "[a] court may grant a Rule 59[e] motion 'only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice'") (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 [2d Cir. 2013]).

A motion pursuant to Fed. R. Civ. P. 59(e) "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *see Banister v. Davis*, 590 U.S. 504, 507 (2020) (noting that "[t]he Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision," but that "courts will not address new arguments or evidence that the moving party could have raised before the decision was issued"). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Analytical Surveys, Inc.*, 684 F.3d at 52.

## IV.   ANALYSIS

After careful consideration, the Court denies Plaintiffs' motion to alter or amend the Judgement of September 24, 2025, for the following reasons.

As an initial matter, the Court finds that the GE Defendants' assertion that Plaintiffs' motion was untimely filed is without merit.  Plaintiffs filed their motion pursuant to Fed. R. Civ. P. 59(e), which indicates that such a motion "must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Local Rule 60.1 (upon which the GE Defendants rely for their argument) qualifies its 14-day time limit for a motion for reconsideration with the introductory phrase, "[u]nless otherwise provided by the Court, by statute or rule (such as Fed. R. Civ. P. 50, 52, 59, and 60)."  L.R. 60.1.  The relevant Judgment was entered on September 24, 2025, and Plaintiffs filed their motion on October 22, 2025.  (Dkt. Nos. 103, 104.)  As a result, Plaintiffs' motion is timely pursuant to the requirements of Fed. R. Civ. P. 59(e).

Turning to the other issues presented by Plaintiffs' motion, although Plaintiffs asserted three distinct theories of injury in their Amended Complaint and opposition to Defendants' underlying motions to dismiss, Plaintiffs' assertions of legal error regarding the Court's Decision and Order on that motion address aspects of only the second of those three theories, which was that a breach of a fiduciary duty itself represents a sufficient injury without the need to show a separate individualized injury-in-fact where injunctive relief is sought.  (*See* Dkt. No. 102, at 22 [outlining Plaintiffs' three theories of standing raised in response to the motion to dismiss for lack of standing].)   Within this theory, Plaintiffs assert now that the Court erred in two respects: (1) by finding that the Amended Complaint did not assert any request for injunctive relief given that the Amended Complaint seeks as part of the requested remedy the posting of security, which qualifies as injunctive relief; and (2) by conflating the merits of the underlying claim with the standing analysis in concluding that Defendant GE is not a fiduciary when determining Plaintiffs did not have standing under a constructive trust theory.  (Dkt. No. 104, Attach. 1.)

10

However, the Court need not reach the merits of Plaintiffs' arguments: whether or not the narrow errors Plaintiffs have asserted are found to have any merit, there is no basis for vacating the Court's Decision and Order because *Thole v. U.S. Bank N.A.*, 590 U.S. 538 (2020), precludes a finding of Article III standing absent a concrete injury regardless of the type of remedy sought. The Court acknowledged in its Decision and Order that the Supreme Court's analysis in *Thole*, "and the rationale of *Thole* in general, itself could constitute a basis for finding Plaintiffs lack standing as to their second argument," and also indicated that "[t]he Court sees no reason why there should be any exception to the normal rule to provide a concrete harm as to the requests for other equitable relief such as declaratory judgment, posting of a security, or award of fees and interest," citing to a case in which the District Court for the District of Columbia similarly found that *Thole* requires a concrete, individualized injury even where the relief sought is equitable. (Dkt. No. 102, at 27, 31.)  Although the Court conducted the constructive trust analysis as an *alternative* ground for its finding that standing did not exist out of an abundance of caution given that the factual premise of *Thole* was not wholly identical to the one presented here (in that it involved an ERISA defined benefit plan rather than a PRT annuity), that alternative analysis does not change the fact that, as a threshold matter, the Court acknowledged and relied upon *Thole*'s rejection of the contention that a breach of a fiduciary duty alone is sufficient to confer standing without making a showing of a concrete, individualized injury.  Plaintiffs' assertion that "if *Thole* precluded a constructive trust theory as Defendants contend, there would have been no reason for the Court to discuss the issue" (Dkt. No. 107, at 5-6) is wishful thinking and a misinterpretation of the Court's Decision and Order, which specifically indicated it was analyzing the constructive trust issue "out of an abundance of caution," and (again) as an

11

*alternative* to its finding that *Thole* precludes such a basis for standing. That exercise of caution did not negate the Court's threshold finding that *Thole*'s rationale constitutes a basis to reject the constructive trust theory as a means to show standing without an individualized injury, a finding that the Court reasserts in a more affirmative manner now so there will be no further misunderstanding of what the Court held in the Decision and Order.

Notably, there are no factual allegations to plausibly suggest that the benefits to which Plaintiffs are entitled pursuant to the annuity are any different in nature (other than that they are not generally subject to ERISA anymore) than the benefits owed under a defined benefit plan. *See Thole*, 590 U.S. at 542-43 (finding that a trust law analogy could not support the existence of an injury because, unlike in a trust where "the ultimate amount of money received by the beneficiaries will typically depend on how well the trust is managed," under a defined benefit plan, "the plan participants' benefits are fixed and will not change, regardless of how well or poorly the plan is managed"). Although there are certainly factual differences that the Court was mindful of when analyzing *Thole*, those differences do not render *Thole* inapplicable; Plaintiffs here are owed the same discrete amount of benefits regardless of which company holds the annuity into which their pension benefits were transferred, just as the plaintiffs in *Thole* were owed the same discrete amount of benefits regardless of how well or poorly the defined benefit fund performed. The mere assertion that a fiduciary duty has been breached with respect to the selection of an annuity provider (or the management of a fund) is insufficient to plausibly suggest an injury-in-fact. As the Supreme Court plainly stated, "[t]here is no ERISA exception to Article III." *Thole*, 590 U.S. at 547.

12

Other courts have similarly interpreted *Thole* as requiring a concrete injury in ERISA cases wherein the plaintiffs allege a breach of fiduciary duty related to PRT annuity transactions, including where the plaintiffs seek equitable or injunctive relief.  *See Dempsey v. Verizon Commc'ns, Inc.*, 24-CV-10004, 2026 WL 72197, at *9 (S.D.N.Y. Jan. 8, 2026) (finding that, pursuant to *Thole*, "[s]eeking an equitable remedy is insufficient to create standing without a concrete injury"); *Schoen v. ATI, Inc.*, 24-CV-1109, 2025 WL 2970339, at *5-6 (W.D. Pa Oct. 7, 2025) (Report-Recommendation) (agreeing with this Court that seeking equitable relief does not relieve a plaintiff from the requirement to demonstrate a concrete injury-in-fact); *Camire v. Alcoa USA Corp.*, 24-CV-1062, 2025 WL 947526, at *5 (D.D.C. Mar. 28, 2025) (finding that "claims for equitable relief under ERISA are still subject to the ordinary requirements of standing" based on *Thole*).  Furthermore, other courts that have found standing in cases claiming fiduciary breaches related to the selection of an annuity provider pursuant to a PRT have generally not been based on the type of injury asserted here, but rather on an injury created by the substantial riskiness of the selected annuity provider or the loss of value of the benefits created by the loss of ERISA protections (theories that the Court found not to be adequately supported by the allegations in the Amended Complaint, and Plaintiffs have not challenged those findings here).  *See Maneman v. Weyerhauser Co.*, 24-CV-2050, 2026 WL 884985, at *6-9 (W.D. Wash. Mar. 31, 2026) (finding standing existed based on the diminution of value of the beneficiaries' property interest in their benefits as a result of the choice of annuity provider because of increased risk); *Doherty v. Bristol-Myers Squibb Co.*, 24-CV-6628, 2025 WL 2774406 (S.D.N.Y. Sept. 29, 2025) (finding, unlike here, that the allegations adequately alleged a substantial risk of default by Athene and that the removal of ERISA protections itself

13

constituted a decrease in value and therefore was a concrete injury); *Piercy v. AT&T Inc.*, 24-CV-10608, 2025 WL 2505660, at \*5-13 (D. Mass. Aug. 29, 2025) (basing its finding that standing had been adequately alleged on theories of decrease of present value of benefits and riskiness of the annuity provider, and specifically rejecting the plaintiffs' argument that invasion of a legal right to be free from fiduciary breaches was itself an injury: "The central holding of *Thole* is that fiduciary breaches, in the abstract, are not the stuff of redressable injury for the purposes of constitutional standing"); *Konya v. Lockheed Martin Corp.*, 24-CV-0750, 2025 WL 962066, at \*8-13 (D. Md. Mar. 28, 2025) (basing its finding that standing had been adequately alleged primarily on the fact of allegations of Athene's risk of collapse).

Because the Court reaffirms here that *Thole* precludes injury based on the mere breach of a fiduciary duty that could be said to create a constructive trust, any errors the Court may have made in conducting an analysis related to the application of a constructive trust theory do not provide any ground for vacating the ultimate finding that Plaintiffs failed to establish Article III standing; that was merely an alternative basis for finding that standing was not properly alleged. In other words, because *Thole* forecloses the constructive trust theory, the Court's alternative analysis assessing Plaintiffs' allegations pursuant to that theory is, for all intents and purposes, legally irrelevant to the outcome in terms of the non-existence of Article III standing.[1]

---

[1]    As supplemental authority, Plaintiffs point to the Supreme Court's recent decision in *Sripetch v. SEC*, 608 U.S. — (2026) for the proposition that the invasion of a legally protected interest is sufficient when the remedy sought is equitable.  However, *Sripetch* addressed whether a victim of securities fraud perpetrated by another must have suffered a financial loss in order for a court to order disgorgement as a remedy in a civil enforcement action brought by the SEC. *Sripetch* notably did not address whether the victims themselves would have had standing to bring an action against the fraudster for equitable relief in the absence of any apparent injury other than the invasion of a legal right, and in fact does not address standing at all, but rather the conditions for ordering disgorgement as a statutory remedy after an entry of judgment has been

Further, because the Court finds that there is no basis to vacate or set aside the Judgment, it would not be proper for the Court to permit Plaintiffs to file a Second Amended Complaint. As the Second Circuit has clearly stated, "[i]t is well established that 'a party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b),'" because "'[i]t would be contradictory to entertain a motion to amend the complaint' without 'a valid basis to vacate the previously entered judgment.'" *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 [2d Cir. 2008]; *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 [2d Cir. 1991]) (internal alterations omitted).  Indeed, "[t]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring final judgments and the expeditious termination of litigation.'" *Metzler*, 970 F.3d at 142 (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 [2d Cir. 2011]).  Plaintiffs notably rely on selectively picked statements from *Metzler* to support their argument while ignoring that case's actual holding that failure to provide grounds for vacating the judgment generally acts as a bar to post-judgment amendment.

The Court also notes that, to the extent that *Metzler* appears to acknowledge that there may be *some* instances where it is appropriate to consider proposed amendments when determining whether to vacate or set aside a judgment, the proffered proposed amendments do not plausibly suggest that Plaintiffs could show standing pursuant to the specific basis they have

---

rendered on liability.  As a result, the Court does not read *Sripetch* as in any way altering the analysis applicable to this case, particularly given that *Thole* directly addresses the need for a concrete injury to establish standing even when seeking equitable relief specifically in the context of an ERISA claim.

challenged as erroneous in the Decision and Order given that any amendments made regarding

Defendant GE's fiduciary status or clarification of injunctive relief would not cure the

overarching fact that *Thole* precludes standing on a constructive trust theory/breach-of-duty

theory related to claims for any sort of relief (including injunctive and equitable relief), and they

still do not allege in that respect that they have suffered any concrete injury as the result of the

selection of Athene as the annuity provider beyond the mere fact of an alleged breach of

fiduciary duty.  As to Plaintiffs' addition of facts related to their dismissed theory that Athene

poses a substantial risk of default, the Court finds it would be inappropriate to consider those

allegations as part of the limited consideration of the proposed amendments it has conducted

because Plaintiffs did not make any argument attempting to vacate or set aside the Court's

findings related to that theory and, in any event, as Defendants argue, many of these additional

allegations either would not change the Court's assessment because they are irrelevant or

duplicative of existing allegations or were known to Plaintiffs before the Court issued its

Decision and Order and entered Judgment such that Plaintiffs could have attempted to assert

those allegations sooner.[2]  Permitting Plaintiffs to amend under these circumstances without

---

[2]      The Court notes that this is not a case in which Plaintiffs have been denied any meaningful opportunity to amend their Complaint.  They indeed amended the Complaint once after the GE Defendants filed an initial motion to dismiss, approximately six months after the initial Complaint was filed.  (Dkt. Nos. 46, 56.)  This fact makes the circumstances here different from those in *Foman v. Davis*, 371 U.S. 178 (1962) and *Williams v. Citigroup Inc.*, 659 F.3d 208 (2d Cir. 2011) that were discussed by the Second Circuit in *Metzler*.  *Metzler*, 970 F.3d at 143-44.  The circumstances here are also different that another case discussed in *Metzler*—*Indiana Pub. Retirement Sys. v. SAIC, Inc.*, 818 F.3d 85 (2d Cir. 2016)—where the Second Circuit reversed a denial of a post-judgment leave to amend where the only basis for denying a motion to amend or vacate the judgment was the fact that the proposed amendments would be futile.  *Metzler*, 970 F.3d at 144-45.  In this case, as discussed above, the Court's denial of Plaintiffs' motion to alter or amend the Judgment is based on the fact that *Thole* forecloses their

showing a basis for vacating the Court's Judgment would do exactly what *Metzler* cautions against: allowing "the 'liberal amendment policy of Rule 15(a)' to swallow the 'philosophy favoring finality of judgments' whole." *Metzler*, 970 F.3d at 146 (quoting *Nat'l Petrochem.*, 930 F.2d at 245).[3]

For all of the above reasons, the Court finds that there is no basis for altering, amending, or vacating the Judgment, and thus also no basis for permitting Plaintiffs to file a post-Judgment Second Amended Complaint.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' motion to alter or amend the Judgement of September 24, 2025 (Dkt. No. 104) is **DENIED**.

Dated: June 26, 2026
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

constructive trust theory of standing, and therefore renders their arguments of errors in the Court's alternative analysis related to that constructive trust theory essentially moot.

[3]     Plaintiffs also cite *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs., LLC*, 797 F.3d 160, 190-91 (2d Cir. 2015) as authority for why opportunity to amend is required here, but that case is easily distinguishable in that it involved a situation where the plaintiffs had made a request to amend the complaint along with their response to the defendants' motion to dismiss, whereas here, Plaintiffs made no pre-Decision and Order statements that would have alerted the Court that they had any potential further basis to amend the Amended Complaint.

17